[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution brought by plaintiff wife against the defendant husband. The parties were married in August of 1983. They have two children, Zachary age 11 and Joseph age 8, issue of the marriage. The parties have resided in the state of Connecticut for at least one year prior to the institution of this action and neither has been the recipient of local, state or federal assistance.
The parties separated in July, 1995, although the plaintiff testified the marriage had really broken down four years earlier, that would be 1992. While the plaintiff testified that the defendant abused both her and the children, verbally and physically the fact that she allowed the children to go with him to Florida on two occasions in the last two years suggests that the abuse may have occurred in the past but no longer exists. Further, on one occasion at least, it appears that she had participated in the violence that she was condemning by throwing something at the defendant. Consequently, the court finds that the cause of the breakdown is mutual incompatibility for which both are to blame. Therefore, this is a no-fault divorce. CT Page 380-P
The parties have stipulated that the plaintiff shall have sole custody of the children with the defendant having reasonable rights of visitation. That stipulation is approved by the court, made a part of this judgment and attached here to.
The plaintiff is asking for a $1.00 a year alimony which seems reasonable under all of the circumstances. It appears one of the reasons for that is that she plans to marry in the spring of 1997.
The major question appears to be the amount of child support. At the present time, the defendant is paying the rent for the premises which the family has occupied and that rent is $750 a month. His affidavit indicates that he is able to afford to pay that amount. It is above the guidelines if the court accepted the figures on his affidavit as representing an accurate account of his earnings. However, the testimony disclosed that in addition to his regular income from his job as a church custodian he also received stipends for work required for funerals and weddings. That amount varied but was anywhere between $500 and $700 a year. In addition, he also worked at a market in Southport where he claims he was paid in food. Food, of course, also has a monetary value and should be considered as part of his income.
Given these facts which suggest additional income to that CT Page 380-Q reported on his affidavit plus the fact that he failed to report that he had a pension of over $15,000 from the church on his first affidavit and was required to amend his affidavit in order to reveal this, it appears that his account of his earnings is somewhat less than trustworthy.
In addition, at the time of the trial, the defendant was notified that his employment was to be terminated at the end of the month and he was to be given a month's severance pay. The court must make its orders on the basis of the income at the time of the trial. It may be quite different now. If it is, then a motion to modify could well be in order. However, on the basis of the information before the court, it does appear that the amount the defendant is paying for child support, which is $175 a week for rent, is appropriate given the fact that the plaintiff is working and has been working throughout the marriage at Ed Mitchell's with a net wage of $233.37 a week. Her expenses amounted to $557.40, which included the rent which the defendant was paying. Even with that deducted, there still is not enough income for her to manage, while the defendant appears to be able to manage reasonably well while paying $175 a week. Given those facts, the $175 a week would seem to be an appropriate deviation from the guidelines.
The next issue is how to divide the assets. Since the court has decided that this is a no-fault divorce, the assets would be CT Page 380-R divided equally. It is unfortunate that the liquid assets are contained in the defendant's pension and his IRA. If all of the assets of the parties are added together, they amount to $45,639. Dividing that in half would indicate that each should receive $22,817.50 in some form. The plaintiff's assets equal $12,729. To provide her with a total at least approximating one half of the total assets, she would need to receive from the defendant some $10,000. The court, therefore, would order the defendant to provide a Qualified Domestic Relations Order (QDRO) for one half the value of his pension and in addition, the sum of $2,000 from his IRA so as to provide a reasonably close division of the assets.
Having considered all of the elements in § 46b-81 and § 46b-82
and the affidavits of the parties as well as the evidence presented, the court makes the following findings and orders.
1. The parties were married in 1983 and the marriage has broken down irretrievably and it is hereby dissolved.
2. Neither party has received local, state or federal aid.
3. There are two children born of this marriage, Zachary age 11 and Joseph age 9.
4. Both parties have resided in this state for at least a year CT Page 380-S prior to the institution of this action.
5. The parties have stipulated that the plaintiff shall have sole custody of the two children with reasonable rights of visitation in the defendant. The defendant shall be consulted on the health and welfare of the children. This stipulation is made a part of the judgment in this case and the provisions thereof are orders of the court. The stipulation is appended hereto. It is the court's finding that this stipulation is in the best interests of the children and reasonable under all of the circumstances.
6. The defendant shall pay the plaintiff child support in the amount he is presently paying of $175.00 a week, which amounts to the rent on the present premises that the family is occupying.
 While this is a deviation from the child support guidelines, the reasoning behind the court's orders is set forth in the body of the opinion and is made a part of this order.
7. The defendant shall pay the plaintiff $1.00 a year alimony, the reason for this having also been set forth in the opinion, until the earliest of the following events occurs: plaintiff's cohabitation within the meaning of the statutes, CT Page 380-T her remarriage, the death of the defendant or the death of the plaintiff.
8. The assets of the parties shall be divided equally between them. To do this, the defendant must provide the plaintiff with a Qualified Domestic Relations Order (QDRO) conveying to her one half of the amount of his pension as it existed at the time of the trial; to wit: $15,790. Plaintiff's counsel shall draw up the appropriate order for this purpose. The defendant shall also pay to the plaintiff one half of his IRA which presently amounts to $4,000, so that her share will be $2,000.
9. Both parties shall provide medical and dental insurance for the children. Should one of the parties be able to obtain that insurance through his or her employment, then that party shall provide the insurance needed. Both parties shall share equally any unreimbursed hospital, medical or dental expenses.
10. All of the liabilities listed on the plaintiff's affidavit shall be the joint responsibility of the parties, each one to be responsible for one half of the total amount thereof.
11. Each party shall keep the vehicle he or she is presently driving. CT Page 380-U
12. A wage execution order shall issue.
MARGARET C. DRISCOLL JUDGE TRIAL REFEREE